**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


HOWARD DEWAYNE LAWSON,

     Plaintiff,

v.                                    CASE NO.  8:18-cv-1174-T-26AAS

UNITED STATES OF AMERICA,

     Defendant.

_____/


**O R D E R**

     Plaintiff, proceeding *pro se*, has filed a timely motion to vacate his sentence

pursuant to 28 U.S.C. § 2255.  After carefully considering the motion and accompanying

memorandum of law, together with the proceedings in Plaintiff's underlying criminal

case, case number 8:16-cr-163-T-26AAS, the Court concludes that the motion is due to

be denied without the necessity of a response from Defendant or an evidentiary hearing

because it plainly appears from the face of the motion and memorandum and the

proceedings in the related criminal case that Plaintiff is entitled to no relief.

     Plaintiff was sentenced as an armed career criminal to a term of 180 months

followed by a term of supervised release of 48 months.[1]  He did not appeal.  Plaintiff's

sentence pursuant to the Armed Career Criminal Act (the ACCA) was enhanced based on

---

[1]  See case number 8:16-cr-163-T-26AAS, docket 42.

two prior State of Florida convictions for obstructing or opposing an officer with violence and aggravated battery with a deadly weapon.[2]  He now raises two claims for relief: (1) he is actually innocent of being an armed career criminal since these two prior convictions do not constitute crimes of violence; and (2) his attorney rendered ineffective assistance of counsel in failing to challenge his enhanced sentence because these two prior convictions did not qualify as crimes of violence.

Both claims fail in the face of binding Eleventh Circuit precedent.  In <u>United States v. Deshazior</u>, 882 F.3d 1352, 1355 (11th Cir. 2018), the Court reaffirmed that a Florida conviction for resisting an officer with violence qualifies as a violent felony under the elements clause of the ACCA.  Likewise, in <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1341 (11th Cir. 2013), <u>abrogated on other grounds by</u> <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Court determined that a Florida conviction for aggravated battery with a deadly weapon qualified as a violent felony under the elements clause of the ACCA.[3]  In light of this settled and binding Eleventh Circuit precedent, Plaintiff's counsel cannot be faulted for failing to argue that these two prior convictions did not support an enhancement of Plaintiff's sentence under the ACCA.

_____

[2]   <u>See</u> <u>id.</u>, docket 38 (Presentence Report), paragraph 30, page 6.

[3]   Recently, in <u>United States v. Boatwright</u>, 713 F.App'x 871, 877 (11th Cir. 2017) (unpublished), a panel of the Eleventh Circuit noted that <u>Turner</u> is still binding precedent with regard to aggravated battery constituting a crime of violence.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion

to Vacate (Dkt. 1) is denied.  The Clerk is directed to enter judgment for Defendant and to

close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 15, 2018.


s/*Richard A. Lazzara*

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record
Defendant, *pro se*